*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORNEY/WALKER-FORNEY, Minors.

UNPUBLISHED
June 22, 2023

No. 363870
Genesee Circuit Court
Family Division
LC No. 04-118349-NA

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights[1] to VF, DF, and NW under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and MCL 712A.19b(3)(g) (failure to provide proper care and custody).[2] We affirm the trial court's finding that statutory grounds existed to terminate respondent's parental rights. However, because the trial court did not address the children's relative placement in its best-interests determination, we are required to remand to that court for further proceedings.

## I. BACKGROUND

In December 2019, the trial court entered an order to take VF, DF, and NW into protective custody with the Department of Health and Human Services (DHHS) because of their mother's ongoing substance abuse issues and incarceration. The children were placed with their maternal aunt. Respondent was subsequently named as a respondent in the proceedings. The petition naming respondent alleged that he had not provided financial or material support for his children,

---

[1] The mother of the children was also named as a respondent in the petition to terminate parental rights, but she died on August 25, 2022, before the termination hearing was held.

[2] Although respondent includes MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent) in his issue statement, it appears from the trial court's oral decision at the termination hearing that respondent's rights were terminated under only MCL 712A.19b(3)(c)(*i*) and (g).

did not pay child support, and had not visited his children or provided for their care or supervision since December 1, 2018.

After a bench trial, the trial court found that there were statutory grounds to take jurisdiction over VF, DF, and NW as it related to respondent. Specifically, the trial court took jurisdiction pursuant to MCL 712A.2(b)(1) (failure to provide proper care or custody) and (2) (unfit home environment). The trial court issued an order of disposition, in which it ordered respondent to obtain and maintain a legal source of income, obtain and maintain suitable housing, complete random drug screens, maintain contact with his caseworker, sign all releases, attend parenting time, complete a psychological evaluation and follow the recommendations, complete parenting classes, complete "NA/AA classes," and maintain contact with the children.

On March 18, 2022, DHHS filed a supplemental petition to terminate respondent's parental rights. The petition alleged that respondent had failed to obtain and maintain suitable housing, failed to consistently participate in supervised parenting time visitations, and failed to provide proof of employment and income. Following a termination hearing on October 26, 2022, the trial court found that there was clear and convincing evidence supporting termination under MCL 712A.19b(3)(c)(*i*) and (g) and that termination was in the children's best interests. The trial court found that respondent had no adequate housing, did not show that he had a job or proof of income, and had inconsistently attended parenting time, except for the last 30 days, during which he had visited the children regularly. The trial court was not convinced that more time would help respondent. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues that the trial court erred because none of the statutory grounds for termination were proven by clear and convincing evidence. We disagree.

We review for clear error a trial court's decision that a ground for termination was proven by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 41 (cleaned up).

To terminate parental rights, a trial court must find by clear and convincing evidence that at least one of the enumerated statutory grounds has been established. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *Id*. Thus, if one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

Termination of parental rights pursuant to subsection (c)(*i*) is appropriate when "182 or more days have elapsed since the issuance of an initial dispositional order," MCL 712A.19b(3)(c)(*i*), and the "totality of the evidence" shows that the parent did not accomplish "any meaningful change" in the existing conditions by the time of the adjudication, *In re Williams*, 286

Mich App 253, 272; 779 NW2d 286 (2009). Additionally, the trial court must find that "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." MCL 712A.19b(3)(c)(*i*).

In this case, there is no dispute that the 182-day requirement was satisfied. More importantly, the totality of the evidence showed that respondent did not accomplish any meaningful change in his need for housing, his need for employment and income, or his parenting.

The evidence supported a finding that respondent lacked appropriate housing. Respondent testified at the termination hearing that he was still living in transitional housing. Because his housing was temporary, he was considering a move to a one-bedroom apartment, which he admitted would not be big enough for three children. Furthermore, a caseworker testified that the children could not live with respondent in his transitional housing. These housing issues had been ongoing throughout the proceedings.

Additionally, the evidence supported a finding that respondent did not have a job and failed to provide proof of income. A foster care supervisor testified that respondent failed to provide documentation about his employment and income. Although respondent testified that he worked at Lear Corporation and attempted to send documentation of his income to his caseworker, the document could not be viewed because it required DHHS to pay to view the document. After the caseworker notified respondent of the different forms of documentation he could use to show his employment and income, respondent still failed to provide proper documentation.

Furthermore, the evidence supported a finding that respondent failed to consistently attend parenting time visits. The foster care workers testified that respondent did not consistently attend his parenting time visits. One of the workers testified that respondent consistently attended his parenting visits during the month prior to the termination hearing, but before that he attended "not even 50 percent." And although respondent testified that he missed some visits when the weather prevented him from riding his bike, respondent never asked for bus passes or expressed concern over not being able to get to the visits.

The totality of the evidence showed that respondent did not accomplish any meaningful change in the conditions that led to the adjudication, which included housing, employment, and inconsistent parenting, by the time of the termination hearing. Consequently, the trial court did not clearly err when it found that there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the ages of VF, DF, and NW and, as a result, MCL 712A.19b(3)(c)(*i*) was proven by clear and convincing evidence. Having so concluded, we need not consider the remaining ground for termination identified by the trial court. See *In re Foster*, 285 Mich App at 633.

## III. BEST INTERESTS

Respondent argues that the trial court erred by determining that termination of parental rights was in the children's best interests because he had a bond with his children and there was no evidence that he put his children at risk. We conclude that the trial court erred to the extent that it found that terminating respondent's parental rights was in the children's best interests without first considering their relative placement.

-3-

"If the court determines that one or more statutory grounds for termination exist and that termination is in the child's best interests, the court must enter an order terminating the respondent's parental rights and order that additional efforts for reunification not be made." *In re Ferranti*, 504 Mich 1, 16; 934 NW2d 610 (2019). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "We review for clear error the trial court's determination regarding the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

When a trial court considers the best interests of the child, it must place its "focus on the child rather than the parent." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). The trial court "may consider the child's bond to the parent, . . . the parent's parenting ability, . . . the child's need for permanency, stability, and finality, . . . and the advantages of a foster home over the parent's home[.]" *In re Olive/Metts Minors*, 297 Mich App at 41-42. "[I]f the best interests of the individual children *significantly* differ, the trial court should address those differences when making its determination of the children's best interests." *In re White*, 303 Mich App at 715. However, a trial court does not necessarily err "if it fails to explicitly make individual and—in many cases—redundant factual findings concerning each child's best interests." *Id*. at 716.

Additionally, under MCL 712A.19a(6)(a), "the fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination [is] in the children's best interests." *In re Olive/Metts Minors*, 297 Mich App at 43 (quotation marks and citation omitted). "[A] child's placement with relatives weighs against termination under MCL 712A.19a(6)(a)." *Id*. (quotation marks and citation omitted). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id*.[3]

In this case, the trial court delivered a cursory best-interests determination that is not adequate for appellate review. See *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). Although the trial court briefly considered the unique interests of each child, the court did not make any findings with respect to any other considerations, such as the illustrative factors set out in *In re Olive/Metts Minors*. For this reason alone, a remand is likely warranted. More significantly, however, the trial court failed to explicitly address the children's relative placement as required by *In re Olive/Metts Minors*. Testimony at the termination hearing established that the children had been living with a relative, a maternal aunt, for nearly three years and that she was willing to adopt the children.[4] As noted, the trial court's failure to explicitly address this issue

---

[3] Although *In re Olive/Metts Minors* used the word "reversal," what actually must occur is vacating the trial court's best-interests determination and remanding to the trial court for further proceedings.

[4] When the instant case was initiated, MCL 712A.13a(1)(j) defined "relative," in relevant part, as "an individual who is at least 18 years of age and related to the child by blood, marriage, or adoption, as grandparent, great-grandparent, great-great-grandparent, [or] aunt or uncle . . . ."

requires a remand to that court so it may address the issue and render a new finding regarding the children's best interests. See *In re Olive/Metts Minors*, 297 Mich App at 43.

Accordingly, we vacate the trial court's best-interests determination and remand to that court to make findings of fact that are conducive to appellate review and in accordance with *In re Olive/Metts Minors*, 297 Mich App at 43.

## IV. CONCLUSION

We affirm the trial court's determination that at least one statutory ground for termination was established by clear and convincing evidence. However, we vacate the trial court's best-interests determination and remand to that court for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

See 2016 PA 191. Effective October 7, 2022, MCL 712A.13a(1)(j) was amended to define "relative," in relevant part, as "an individual who is at least 18 years of age and is . . . [r]elated to the child within the fifth degree by blood, marriage, or adoption . . . ." See 2022 PA 200. The maternal aunt here satisfied both definitions.

# Court of Appeals, State of Michigan

# ORDER

Michael J. Riordan
Presiding Judge

In re Forney/Walker-Forney Minors

Docket No.    363870

LC No.        04-118349-NA

Stephen L. Borrello

Mark T. Boonstra
Judges

For the reasons detailed in the opinion issued concurrently with this order, this Court VACATES the trial court's finding, as reflected in its October 26, 2022 order terminating respondent's parental rights, that termination was in the best interests of VF, DF, and NW, and REMANDS this matter to the Family Division of the Genesee Circuit Court for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 42 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall give further consideration to whether termination is in the best interests of VF, DF, and NW, and shall explicitly address whether termination is appropriate in light of the children's placement with a relative and shall afford individualized consideration to the best interests of each of those three children. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Michael J. Riordan
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

June 22, 2023
Date

Chief Clerk